UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DOLLENE JONES,

          Plaintiff,

    v.

JEFFREY LEWIS, *et al.*,

          Defendants.

Case No. 20-cv-00385-SI

**ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS AMENDED
COMPLAINT AND GRANTING
LEAVE TO AMEND; DENYING
PLAINTIFF'S REQUEST FOR
APPOINTMENT OF COUNSEL;
DENYING PLAINTIFF'S MOTION TO
COMPEL AS PREMATURE**

Re: Dkt. Nos. 13, 15 & 25

Defendants' motion to dismiss the amended complaint is scheduled for a hearing on November 6, 2020. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court GRANTS defendants' motion and GRANTS plaintiff leave to amend. The Court also DENIES plaintiff's request for appointment of counsel[1] and DENIES plaintiff's motion to compel discovery as premature. If plaintiff is able to state a claim, the Court will hold a case management conference and set a schedule for discovery.

**BACKGROUND**

Plaintiff Dollene Jones, who is representing herself, filed this lawsuit on January 17, 2020, and filed an amended complaint on June 22, 2020. The amended complaint alleges that plaintiff is a former employee of AC Transit District and that she retired in 2010. The amended complaint

---

[1] Plaintiff's request for appointment of counsel is attached to the amended complaint. Dkt. No. 13.

names four individual defendants (Jeffrey Lewis, Davis Riemer, Hugo Wildmann, and Curtis Lim), all of whom are alleged to be members of the AC Transit Retirement Board.

The amended complaint states that plaintiff is Black, female and a lesbian, and that she has been discriminated against on account of her race, color and gender/sex.  First Amended Compl. Sections 3 & 4.  Plaintiff alleges that defendants discriminated against her by temporarily "holding back" a portion of her retirement benefits because plaintiff had previously registered two different same-sex domestic partnerships with the AC Transit Employees' Retirement System, despite the fact that she provided "proof from the Secretary of State of California . . . that showed she was not declared domestic partnered with anyone."  *Id*. at Section 2.[2]  Plaintiff alleges that it "took 4 or 5 months" to receive the amount that had been withheld, and that she is the "only lesbian pensioner to have (2) holdbacks."  *Id.* at Section 3.  The amended complaint mentions a June 20, 2019 meeting of the AC Retirement Benefits Board at which defendant Reimer spoke about his "morals," although the complaint does not specify what Reimer said.  *Id.*  Plaintiff also alleges that the "benefit calculations starting with part-time hours and adjusted pension start date are off."  *Id*.

The amended complaint alleges claims under Title VII of the Civil Rights Act of 1964, the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1140 *et seq.*, and state law claims for intentional infliction of emotional distress and the California Fair Employment and Housing Act.  Defendants have moved to dismiss all claims alleged in the amended complaint.[3]

---

[2] Plaintiff has attached an April 19, 2019 letter from defendant Lim to plaintiff in which Mr. Lim states, "When you retired . . . , I explained to you that we would hold back a portion of your pension due to your separation from your ex-domestic partners, Michele Reid and Tracey Rock. You have been receiving a monthly pension benefit of $1,708 per month.  This retirement benefit was calculated based on the information provided to us of the estimated time you and Michele, as well as Tracey were together. . . ."  As noted in the complaint, plaintiff eventually received the withheld amounts.

[3] Defendants attached various documents to the motion to dismiss.  Defendants did not seek judicial notice of these documents.  In the event plaintiff amends the complaint and defendants file another motion to dismiss, the Court advises defendants of the following:  As a general rule, the Court may not consider materials beyond the pleadings when ruling on a Rule 12(b)(6) motion.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).  However, the Court may take judicial notice of some public records, including the 'records and reports of administrative bodies.'"  *United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003) (citing *Interstate Nat. Gas Co. v. S. Cal. Gas Co*., 209 F.2d 380, 385 (9th Cir. 1953)).  The Court may not take judicial notice of facts in the public record that are subject to reasonable dispute.  *Lee*, 250 F.3d at 690.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555. While a court deciding a motion to dismiss must take a complaint's well-pleaded factual allegations as true, it also must determine, relying on its "judicial experience and common sense," whether those allegations amount to a "plausible" claim. *Iqbal*, 556 U.S. at 664.

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

**I.      Title VII**

Defendants move to dismiss plaintiff's Title VII claim on several grounds. Defendants contend that plaintiff has not shown that she has exhausted her administrative remedies with respect to her Title VII claim and thus that the Court lacks subject matter jurisdiction. Defendants note that the "Right to Sue" letter from the Equal Employment Opportunity Commission ("EEOC") that plaintiff attached to her amended complaint refers to "AC Transit" as the respondent, and does not mention any of the individual defendants. Defendants also assert that AC Transit is a separate legal entity from the AC Transit Retirement Board, and that the complaint does not allege that the individual defendants are agents of AC Transit. Further, defendants assert that the Right to Sue

letter does not contain any information about the substance of the charge that plaintiff filed with the EEOC, and thus that it is not clear whether plaintiff has exhausted her administrative remedies with respect to her claims about payment of her retirement benefits. Defendants also contend that the amended complaint does not state a claim for discrimination under Title VII because plaintiff does not allege that defendants intentionally discriminated against her on account of a protected characteristic.

As an initial matter, although defendants frame the exhaustion argument as jurisdictional, the Supreme Court has recently held that "Title VII's charge-filing requirement is a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of courts." *Fort Bend Cty. v. Davis*, 139 S. Ct. 1843, 1851 (2019). Nevertheless, plaintiff must allege compliance with this mandatory processing rule in order to state a claim on which relief may be granted. *See Williams v. Wolf*, No. 19-CV-00652-JCS, 2019 WL 6311381, at *6 (N.D. Cal. Nov. 25, 2019). In order to satisfy this requirement, the allegations of plaintiff's complaint must be "like or reasonably related to the allegations" in the administrative complaint submitted to the EEOC, such that they would fall within "the scope of an EEOC investigation which [could] reasonably be expected to grow out of the [administrative] charge of discrimination." *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990) (citations, internal quotation marks, and emphasis omitted); *see also Vasquez v. County of Los Angeles*, 349 F.3d 634, 644 (9th Cir. 2003) (holding that a court may consider "all claims of discrimination that fall within the scope of the EEOC's actual investigation or an EEOC investigation that could reasonably be expected to grow out of the charge.").

The Court is unable to determine whether plaintiff has satisfied the mandatory claims processing rule because plaintiff did not attach the administrative charge to her complaint. If plaintiff amends the Title VII claim, plaintiff shall attach the charge to the amended complaint. In addition, the Court notes that the amended complaint seeks damages against the individual defendants. However, the Ninth Circuit has held that individual supervisors cannot be held liable under Title VII. *See Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583, 589 (9th Cir. 1993) (holding Congress imposed liability only on employers under Title VII and the ADEA, not individuals); *see also Pink v. Modoc Indian Health Project, Inc.*, 157 F.3d 1185, 1189 (9th Cir. 1998) ("[C]ivil

United States District Court
Northern District of California

liability for employment discrimination does not extend to individual agents of the employer who committed the violations, even if that agent is a supervisory employee."). [4]

With regard to the merits of the Title VII claim, the Court agrees with defendants that plaintiff has not alleged that defendants intentionally discriminated against her on account of her race, color or sex/gender.  "Disparate treatment occurs 'where an employer has treated a particular person less favorably than others because of a protected trait.'"  *Ricci v. DeStefano*, 557 U.S. 557, 577 (2009) (internal quotation marks and alterations omitted).  "A disparate-treatment plaintiff must establish that the defendant had a discriminatory intent or motive for taking a job-related action."  *Id*. (internal quotation marks omitted).  "A discriminatory motive may be established by the employer's informal decisionmaking or 'a formal, facially discriminatory policy,' but 'liability depends on whether the protected trait . . .  actually motivated the employer's decision.'"  *Wood v. City of San Diego*, 678 F.3d 1075, 1081 (9th Cir. 2012) (*quoting Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993)). "It is insufficient for a plaintiff alleging discrimination under the disparate treatment theory to show the employer was merely aware of the adverse consequences the policy would have on a protected group." *Am. Fed'n of State, Cnty., & Mun. Emps. v. Washington*, 770 F.2d 1401, 1405 (9th Cir.1985).

The amended complaint does not contain any allegations that plaintiff was treated differently because she is Black or female.  The amended complaint does allege that defendants temporarily held back a portion of her retirement benefits because plaintiff had previously registered two same-sex domestic partners, thus suggesting that plaintiff believes that she was discriminated against on account of sexual orientation.  However, plaintiff does not allege that defendants withheld her retirement benefits because she is a lesbian.  Instead, the amended complaint and the materials attached thereto indicate that the amounts were initially withheld because plaintiff had registered two domestic partners; a policy regarding treatment of domestic partners with regard to retirement benefits is a facially neutral policy.  "Where, as here, a plaintiff is challenging a facially neutral

---

[4] In addition, the Court notes that plaintiff alleges that she formerly worked for AC Transit, not AC Transit Retirement System, and thus the individual defendants did not supervise plaintiff. Rather, the individual defendants are alleged to be members of the Retirement Board.

United States District Court
Northern District of California

policy, there must be a specific allegation of discriminatory intent." *Wood*, 678 F.3d at 1081 (affirming dismissal of disparate treatment claim under Title VII where plaintiff alleged that facially neutral surviving spouse retirement benefit discriminated against women based on the theory that in the aggregate, the defendant paid more to married retirees who selected surviving spouse benefits than to single retirees, and male employees were more likely to be married).

Accordingly, the Court GRANTS defendants' motion to dismiss plaintiff's Title VII claim. If plaintiff amends this claim, in addition to attaching her EEOC charge, plaintiff shall specifically allege how defendants intentionally discriminated against her on the basis of a protected characteristic.

## II.    ERISA

Although somewhat unclear, it appears that plaintiff's ERISA claim is based on her allegation that defendants have miscalculated her retirement benefits by not giving her credit for part-time hours and using an incorrect pension start date.  Defendants assert that "[t]he A.C. Transit District Retirement Plan is not regulated by or subject to ERISA.  As a Plan providing retirement benefits to public employees of a governmental District of the State of California this Plan is regulated by Section 17 of Article XVI, of the California Constitution." Defs' Mtn. at 15.  Plaintiff's opposition does not address her ERISA claim, although the opposition continues to assert that plaintiff's retirement benefits have been improperly calculated.

Because plaintiff's opposition does not address her ERISA claim, it is not clear whether plaintiff intends to pursue this claim.  If plaintiff amends the complaint and wishes to pursue an ERISA claim, the amended complaint shall specifically allege how defendants have violated ERISA, including citing relevant portions of the statute.  In the event plaintiff pursues an ERISA claim and defendants move to dismiss this claim, defendants shall cite authority for the proposition that the AC Transit Retirement Plan is not subject to ERISA.

## III.   State law claims

As it is unclear whether plaintiff can state a claim under federal law, the Court does not

United States District Court
Northern District of California

address defendants' arguments in favor of dismissal of the state law claims.  *See generally Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has 'dismissed all claims over which it has original jurisdiction.' 28 U.S.C. § 1367(c)(3)."

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to dismiss and GRANTS plaintiff leave to amend.  If plaintiff wishes to amend the complaint, she must do so no later than **November 2, 2020**.  The Court encourages plaintiff to contact the Pro Se Help Desk at (415) 782-8982 to seek assistance with amending the complaint.

**IT IS SO ORDERED**.

Dated: October 20, 2020

SUSAN ILLSTON
United States District Judge